```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                      FORT WAYNE DIVISION

HARVEY R. FIELDS, JR.,      )
                            )
Petitioner,                 )
                            )
v.                          )    CAUSE NO. 1:08-CV-61
                            )
ALLEN COUNTY SHERIFF,       )
                            )
Respondent.                 )
```

## OPINION AND ORDER

This matter is before the Court on the Verified Petition For a Writ of Habeas Corpus Relief, filed by Harvey Fields, Jr., a *pro se* prisoner, on February 27, 2008, seeking immediate release from his detention in the Allen County Jail.  For the reasons set forth below, the Court **DISMISSES** the petition for lack of jurisdiction.

BACKGROUND

Fields indicates that he has been held in the Allen County, Indiana jail since his arrest on January 19, 2008.  He acknowledges being on supervised release since March 2006 for a federal offense, but he denies that he is being detained for violating the terms of that release.  Fields also argues that there is no pending state or federal charge regarding the January 19, 2008 arrest, but he is being held in the Allen County Jail pursuant to a federal hold.  Fields believes he is entitled to immediate release.

DISCUSSION

Because Fields denies that he is being confined under a Court's judgment, he is clearly not attempting to challenge any such judgment or conviction. The sole basis for federal habeas jurisdiction under 28 U.S.C. § 2254 is that the petitioner must be a "person in custody pursuant to the judgment of a state court" which is being challenged. *Hadley v. Holmes*, 341 F 3d 661, 664 (7th Cir. 2003) citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Because Fields alleges that he is not being held under any state court judgment, his habeas corpus petition affirmatively shows the Court lacks jurisdiction over this matter. Habeas Corpus Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

Additionally, the Court's records show that on February 27, 2008, the same day he filed this habeas petition, Fields was arraigned on three controlled substance offenses in *United States of America v. Fields*, 1:08-cr-011. And, on January 23, 2008, Magistrate Judge Roger B. Cosbey issued a warrant for Fields' arrest for allegedly violating the conditions of his supervised release in *United States of America v. Fields*, 1:01-cr-084.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this habeas corpus petition for lack of jurisdiction.

**DATED: March 18, 2008**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**